UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JANE DOE 1, JANE DOE 2, and
JANE DOE 3,

    Plaintiffs,

v.

PALPUNG THUBTEN CHÖLING, f/k/a
KAGYU THUBTEN CHÖLING,

    Defendant.

-------------------------------------------------------X

Case No.: 7:23-cv-10117

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO PROCEED ANONYMOUSLY

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... II

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................... 2

    A. THE PLAINTIFFS HAVE A STRONG INTEREST IN PROCEEDING ANONYMOUSLY .............. 3

        1. The Highly Personal Nature of the Allegations Weighs in Favor of a Grant of Anonymity ............................................................................................................... 4

        2. Plaintiffs Face Risks of Physical and Psychological Harm if their Identities are Revealed ................................................................................................................. 5

        3. Plaintiffs Face Risks of Economic Harm if their Identities are Revealed .......... 8

    B. ALLOWING THE PLAINTIFFS TO PROCEED ANONYMOUSLY IS IN THE PUBLIC INTEREST 9

        1. Defendant is Akin to a Government Entity ............................................................ 9

        2. There is a General Public Interest in Protecting the Identities of Sexual Assault Victims ................................................................................................................. 10

    C. ALLOWING PLAINTIFFS TO PROCEED ANONYMOUSLY WILL NOT PREJUDICE DEFENDANTS AND THE REMAINING FACTORS WEIGH IN FAVOR OF ANONYMITY ................. 10

        1. There is No Prejudice to Defendants ................................................................. 10

        2. Plaintiffs' Identities Have Been Kept Confidential ........................................... 11

        3. There is No Alternative Mechanism to Protect Plaintiffs' Identities ................ 12

III. CONCLUSION ............................................................................................................... 12

# TABLE OF AUTHORITIES
## CASES

*Doe v. Baram*,
No. 20-9522, 2021 U.S. Dist. LEXIS 147030 (S.D.N.Y. Aug. 5, 2021) .................................. 10, 11

*Doe v. Blue Cross & Blue Shield United*,
112 F.3d 869 (7th Cir. 1997) .................................................................................................... 4

*Doe v. City of N.Y.*,
No. 15-117, 2016 U.S. Dist. LEXIS 16344 (S.D.N.Y. Feb. 4, 2016) .................................. 4, 10

*Doe v. Gooding*,
No. 20-06569, 2022 U.S. Dist. LEXIS 68607 (S.D.N.Y. Apr. 13, 2022) ............................ 4, 10

*Doe v. Hobart & William Smith Colls.*,
No. 20-06338, 2021 U.S. Dist. LEXIS 52371 (W.D.N.Y. Mar. 19, 2021) ............................... 12

*Doe v. Nygard*,
No. 20-6501, 2020 U.S. Dist. LEXIS 151186 (S.D.N.Y. Aug. 20, 2020) .................................. 3

*Doe v. Townes*,
No. 19-8034, 2020 U.S. Dist. LEXIS 83550 (S.D.N.Y. May 12, 2020) .................................. 10

*Doe v. Vassar College*,
No. 19-09601, 2019 U.S. Dist. LEXIS 196933 (S.D.N.Y. Nov. 13, 2019) ............................ 4, 5

*Doe v. Wesleyan Univ.*,
No. 19-01519, 2020 U.S. Dist. LEXIS 267036 (D. Conn. Sep. 15, 2020) ................................ 12

*Doe No. 2 v. Kolko*,
242 F.R.D. 193 (E.D.N.Y. Nov. 3, 2006) .................................................................... 4, 5, 9, 10

*Does v. Foukas*,
No. 20-5516, 2021 U.S. Dist. LEXIS 259186 (E.D.N.Y. Mar. 20, 2021) ........................ 5, 8, 11

*Kemp v. Noeth*,
No. 20-9121, 2021 U.S. Dist. LEXIS 75057 (S.D.N.Y. Apr. 15, 2021) .................................... 4

*Roe v. Aware Woman Ctr. for Choice, Inc.*,
253 F.3d 678 (11th Cir. 2001) ............................................................................................ 2, 10

*Roe v. Doe*,
No. 20-3788, 2020 U.S. Dist. LEXIS 195137 (E.D.N.Y. Oct. 14, 2020) ................................ 11

*Sealed Plaintiff v. Sealed Defendant*,
537 F.3d 185 (2d Cir. 2008) ............................................................................................ passim

## STATUTES

Fed. R. Civ. P. 10(a)

Plaintiffs Jane Doe 1, Jane Doe 2, and Jane Doe 3, by their attorneys McAllister Olivarius, respectfully submit this Memorandum of Law in support of Plaintiffs' *ex parte* motion for leave to proceed anonymously in this action.

I.   **Introduction**

This case concerns sexual abuse perpetrated by Norlha Rinpoche ("Norlha"), the then-director and leader of Defendant Kagyu Thubten Chöling ("KTC" or "Defendant"), a Buddhist monastery and retreat center, against Plaintiffs over the course of three decades. The Defendant presented Norlha as an all-knowing, altruistic leader who was superior to ordinary people. As such, the Defendant, through its board members, pressured Plaintiffs to be loyal to Norlha. Any deviation from Norlha's "advice" risked incurring his wrath, ridicule, and public disparagement. The Defendant also controlled the Plaintiffs financially, taking their money and further undermining their independence.

Norlha abused the vast power vested in him. He lured each of the Plaintiffs into a false sense of security and convinced them that having sexual intercourse with him was necessary for their benefit. Ultimately, Norlha sexually assaulted each of the Plaintiffs. Defendant not only failed to intervene, but enabled Norlha, even going as far as helping to ensure that Plaintiffs were supplied to Norlha on demand.

Through this litigation, Plaintiffs seek to redress the substantial harm they suffered at the hands of Norlha and the Defendant. However, in doing so, they fear that being named publicly risks psychological, financial, and even possibly physical harm to them and their families. Having already suffered tremendously due to the sexual abuse perpetrated against them, Plaintiffs should not have to suffer the additional shame and embarrassment that will follow if their names are published. Moreover, permitting the Plaintiffs to proceed anonymously is entirely consistent with

the public interest; as other courts in this Circuit have found, the public has an interest in protecting the anonymity of plaintiffs pursuing claims against powerful religious organizations and leaders. Finally, allowing the Plaintiffs to proceed anonymously will not prejudice Defendant in any way.

Accordingly, because this is the paradigmatic situation in which the Court should allow Plaintiffs to proceed anonymously, Plaintiffs respectfully request that this Court grant their motion to proceed anonymously.

II. <u>Argument</u>

Although Federal Rule of Civil Procedure 10 requires that a "complaint . . . name all the parties" to a lawsuit, *see* Fed. R. Civ. P. 10(a), courts have "carved out a limited number of exceptions to the general requirement of disclosure [of the names of parties], which permit plaintiffs to proceed anonymously." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001)).

Courts in the Second Circuit permit a plaintiff to proceed anonymously where, as here, the balancing of "the plaintiff's interest in anonymity . . . against both the public's interest in disclosure and any prejudice to the defendant" weighs in favor of anonymity. *Sealed Plaintiff*, 537 F. 3d at 189. In balancing these interests, a court should consider the *Sealed Plaintiff* factors, including:

1. "whether the litigation involves matters that are highly sensitive and of a personal nature";
2. "whether identification poses a risk of retaliatory physical or mental harm to the [plaintiffs] or even more critically, to innocent non-parties";
3. "whether identification presents other harms";
4. "whether the plaintiff is particularly vulnerable . . . to the possible harms of disclosure";
5. "whether the suit is challenging the actions of the government or that of private parties";

2

6. "whether the defendant is prejudiced by allowing the plaintiff[s] to press [their] claims anonymously";

7. "whether the plaintiff's identity has thus far been kept confidential";

8. "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity";

9. "whether, because of the purely legal nature of the issues presented . . . there is an atypically weak public interest in knowing the litigants' identities"; and

10. "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff."

*Id.* at 190.

Although the ten *Sealed Plaintiff* factors are highly instructive, "courts are not required to consider any or all of them, nor must they use any particular approach, so long as they balance the relevant interests at stake when reaching a conclusion." *Doe v. Nygard*, No. 20-6501, 2020 U.S. Dist. LEXIS 151186, at *5 (S.D.N.Y. Aug. 20, 2020) (citing *Sealed Plaintiff*, 537 F.3d 185 at 191).

### A. The Plaintiffs Have a Strong Interest in Proceeding Anonymously

Plaintiffs have a strong interest in proceeding anonymously in this litigation. As described more fully below, Plaintiffs were subjected to brutal and continued sexual abuse and exploitation at the hands of a powerful man, Norlha, over decades. Rather than protect Plaintiffs, Defendant further empowered Norlha, enabling him to continue his sexual abuse of Plaintiffs. Given the tight-knit community in which the Plaintiffs' abuse occurred, the Plaintiffs face credible threats of physical, psychological, and economic harm if their identities are revealed. The highly personal nature of their allegations combined with the risks that disclosure of their identities poses is the paradigmatic situation in which courts should permit plaintiffs to proceed anonymously.

1. <u>The Highly Personal Nature of the Allegations Weighs in Favor of a Grant of Anonymity</u>

In weighing the first *Sealed Plaintiff* factor, courts in the Second Circuit "have repeatedly found that the intimate nature of sexual assault allegations justifies permitting a plaintiff to raise such claims anonymously." *Doe v. City of N.Y.*, No. 15-117, 2016 U.S. Dist. LEXIS 16344, at *5 (S.D.N.Y. Feb. 4, 2016); *see also Doe v. Gooding*, No. 20-06569, 2022 U.S. Dist. LEXIS 68607, at *11-12 (S.D.N.Y. Apr. 13, 2022) ("Plaintiff has an undeniable privacy interest given the personal sensitivity of her [sexual assault] allegations."); *Kemp v. Noeth*, No. 20-9121, 2021 U.S. Dist. LEXIS 75057, at *3 (S.D.N.Y. Apr. 15, 2021) (Protecting "the identity of a sexual assault victim" is "an important and recognized basis to limit public access" to judicial documents.); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. Nov. 3, 2006) (*citing Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)) ("[S]exual assault victims are a paradigmatic example of those entitled to a grant of anonymity."); *Doe v. Vassar College*, No. 19-09601, 2019 U.S. Dist. LEXIS 196933, *4 (S.D.N.Y. Nov. 13, 2019) ("Allegations of sexual assault are generally inherently sensitive and private in nature.").

Plaintiffs allege exactly the type of intimate sexual assault allegations that courts have cited in allowing plaintiffs to proceed anonymously. Doe 1 alleges that Norlha began to repeatedly sexual assault her in 2010. (*See* Complaint and Demand for a Jury Trial, ECF No. 1 ("Complaint") ¶82.) Doe 1 alleges repeated sexual assaults, including Norlha "insert[ing] his limp penis into her vagina without a condom . . . dozens of times in 2010 [and] 2011" (*id.* ¶83); "frequently grop[ing] Doe 1 [and] reaching under her skirt and kissing her" (*id.* ¶88); "masturbat[ing] over Doe 1 while penetrating her digitally . . . [and] h[olding] her down and g[etting] on top of her," which caused Doe 1 to "believe[] she was going to die under the force of [Norhla's] weight." (*Id.* ¶¶108-09).

Doe 2 similarly alleges the type of sexual assault allegations of the most intimate nature. Doe 2 alleges that Norlha "repeatedly force[d] [her] to lie in the floor, while he lay on top of her, rubbing his groin vigorously against her vagina until he ejaculated" (*id.* ¶144); and "raped [her] by inserting his penis into her vagina" (*id.* ¶152).

Doe 3 puts forth similarly grave allegations of sexual assault. She alleges that Norlha "grabbed her, yanked her towards him and pressed his chest against hers." (*id.* ¶191); "penetrate[d] her vaginally" despite "lack of consent" (*id.* ¶197); and "climbed on top of her and penetrated her." (*Id.* ¶206).

These allegations of sexual assault are the "paradigmatic example of those entitled to a grant of anonymity" in this district. *See Kolko*, 242 F.R.D. at 195 (citation omitted). Each Plaintiff alleges a pattern of psychological, emotional, and sexual abuse that courts have repeatedly found entitle a plaintiff to pursue their claims anonymously given the highly sensitive nature of the allegations. That same result should obtain here.

### 2. Plaintiffs Face Risks of Physical and Psychological Harm if their Identities are Revealed

Courts find that the risk of retaliatory physical or mental harm to the plaintiff or innocent non-parties, the second *Sealed Plaintiff* factor, weighs in favor of anonymity when the plaintiffs are able to "identif[y] risks to their and their families' physical and psychological well-being . . . ." *Does v. Foukas*, No. 20-5516, 2021 U.S. Dist. LEXIS 259186, at *5-6 (E.D.N.Y. Mar. 20, 2021). *See also id.* at *6 (highlighting the risk that "third parties [could] cause Plaintiffs harm if the Plaintiffs were not allowed to proceed anonymously" as weighing in favor of anonymity.); *Vassar College*, 2019 U.S. Dist. LEXIS at *4 ("Public disclosure of [sexual assault] victim's identity could result in psychological trauma.").

Here, there is a risk that if Plaintiffs come forward publicly, Plaintiffs will suffer retaliatory harm. A close analogue is the case of the women who alleged that they were sexually assaulted by the Gyalwang Karmapa (the "Karmapa")—another Buddhist leader. *See* Declaration of Dr. Jef McAllister in Support of Plaintiff's Motion for Leave to Proceed Anonymously ("McAllister Decl.") ¶¶15-21. Norlha and the Karmapa are closely linked, and they are revered in similar ways by similar, if not the same, communities. *Id.* ¶15, Ex. 4. When several women came forward alleging sexual assault against the Karmapa, they were cyberbullied and threatened. *See id.* ¶¶16-21. One woman even won a defamation suit in Taiwan after an individual publicly identified her in social media posts, leading to her being cyber harassed and abused. *See* Declaration of Tina Lu in Support of Plaintiff's Motion for Leave to Proceed Anonymously ¶¶7-11 ("Lu Decl."). Another Karmapa critic claimed that her life was in danger. *See* Lu Decl. ¶¶12-16.

Like the Karmapa, Norlha continues to be idolized by his community despite the allegations against him. *See, e.g.*, McAllister Decl. Exs. 4-6. The allegations of Norlha's sexual abuse first came to light during a closed disclosure meeting in 2017. (Complaint ¶¶243-44). There, Defendant admitted wrongdoing and Norlha apologized. (*Id.* ¶244). Norlha died a few months later in 2018. (*Id.* ¶120). Defendant's community continues to idolize him, even in death and even after knowing he sexually abused multiple women. *See* McAllister Dec. ¶¶12-14, Exs. 4-6. Even Defendant's board members, who Plaintiffs allege actively enabled Norlha's abuse, left messages of praise in memoriam. *Id.* Ex. 5; (Complaint ¶¶55, 98, 106, 164-65, 209-10); Declaration of Jane Doe 3 in Support of Plaintiffs' Motion for Leave to Proceed Anonymously ¶6 ("Doe 3 Decl.").

There is thus a real risk that like the Karmapa accusers, Plaintiffs will suffer retaliation from this community. Indeed, Doe 1 has already suffered such retaliation after the 2017 disclosure

meeting despite not being named. *See* Declaration of Jane Doe 1 in Support of Plaintiffs' Motion for Leave to Proceed Anonymously ¶13 ("Doe 1 Decl.") ("Even though I was not named, after the Disclosure Meeting, I received intimidating emails from members of the community who sought to invalidate my experience. As a result of the Disclosure Meeting, a member of Defendant's community told me he wanted to burn me at the stake."); *see also* Declaration of Jane Doe 2 in Support of Plaintiffs' Motion for Leave to Proceed Anonymously ¶10 ("Doe 2 Decl.") ("I have noticed that the wider Tibetan Buddhist community is prone to expressions of hatred against any woman who comes forward alleging sexual abuse by leaders within the community. For instance, a KTC member stated that the women who came forward, including myself, should be killed."); Doe 3 Decl. ¶9. The recurrent pattern of retaliation against women alleging sexual abuse in the Tibetan Buddhist community makes the risk of retaliation here particularly acute.

Additionally, there is a serious risk of mental harm for each of the Plaintiffs if they come forward. Each Plaintiff has submitted a sworn declaration attesting to the mental harm each will suffer if not allowed to proceed anonymously. *See* Doe 1 Decl. ¶¶3-15 (as a result of sexual abuse perpetrated by Norlha, Doe 1 suffers from [REDACTED], and identification would cause further mental harm, harassment, and retaliation); Doe 2 Decl. ¶¶3-12 (as a result of sexual abuse perpetrated by Norlha, Doe 2 has been diagnosed with [REDACTED], and identification would pose risk of further mental harm, harassment and retaliation); Doe 3 Decl. ¶¶3-4; 9-11 (as a result of sexual abuse perpetrated by Norlha, Doe 3 experienced [REDACTED], and public identification would lead to retaliatory actions and harm to Doe 3's business).

Plaintiffs' treating mental health clinicians have also attested to the specific mental harm Plaintiffs would suffer as a result of being publicly identified. *See* Declaration of David T. Flynn, LCSW in Support of Plaintiffs' Motion for Leave to Proceed Anonymously; Declaration of Ari Goldfield, JD, MA, MFT, in Support of Plaintiffs' Motion for Leave to Proceed Anonymously; Declaration of Carin J. Roberge in Support of Plaintiffs' Motion for Leave to Proceed Anonymously. Plaintiffs have collectively suffered from ███████████████████ ███████████████████████████. The trauma of coming forward publicly would add insult to injury.

Finally, there are innocent non-parties to consider as well; Doe 1 has three children under the age of five who would be harmed if she could not proceed anonymously. *See* Doe 1 Decl. ¶17.

3. <u>Plaintiffs Face Risks of Economic Harm if their Identities are Revealed</u>

With respect to the "other harms" potentially caused by revelation of a plaintiff's identity, the third *Sealed Plaintiff* factor, courts consider a variety of factors, including economic harm. *See Foukas*, 2021 U.S. Dist. LEXIS 259186 at *5 ("Economic injury is recognized under [the third] factor."). Here, Jane Doe 3 runs a retreat center in the same field as that of her alleged abuser. Given the tight-knit nature of the community, Doe 3 is likely to suffer economically if her identity is revealed because fewer participants will attend her retreats. *See* Doe 3 Decl. ¶¶11-12. Similarly, Doe 1, who is pursuing a career in the performing arts, would suffer reputational damage if her identity were revealed, thus imperilling her career. *See* Doe 1 Decl. ¶16.

### B. Allowing the Plaintiffs to Proceed Anonymously is in the Public Interest

#### 1. Defendant is Akin to a Government Entity

Courts in this Circuit find that, when plaintiffs allege sexual abuse perpetrated by a religious leader, their allegations are akin to a challenge of a governmental entity. Suits against such an entity deserve anonymity according to the fifth *Sealed Plaintiff* factor.

In *Kolko*, the court considered a plaintiff's allegations that a rabbi committed sexual abuse and that a yeshiva attempted to cover up the abuse. 242 F.R.D. at 195. The court reasoned that the yeshiva and the rabbi "are neither governmental entities nor ordinary private parties." *Id.* The court held that, because "the Yeshiva 'is organized solely to perform an important, public service,'" that "the rabbi is employed to assist in achieving the Yeshiva's goals," and due to "the significant roles held by these defendants in their community, plaintiff's allegations of sexual abuse . . . and the Yeshiva's attempt to conceal such abuse raise concerns affecting a larger association rather than the interest of an individual plaintiff." *Id.* As such, the court ruled that the case was "more analogous to one involving a governmental defendant where the private concerns are outweighed by the overriding public interest in regulating the conduct at issue." *Id.* at 195-96.

Plaintiffs' allegations here are highly similar to those in *Kolko*. Plaintiffs allege that Norlha—a prominent religious figure in his community—engaged in a pattern of sexual abuse that the Defendant knew about. Moreover, like the yeshiva in *Kolko*, the Defendant was organized purportedly to perform an "important, public service." *Id.* at 195. The allegations here thus "raise concerns affecting a larger association"—namely the Defendant—"rather than the interest of an individual plaintiff." *Id.*

### 2. There is a General Public Interest in Protecting the Identities of Sexual Assault Victims

In considering the eighth *Sealed Plaintiff* factor, courts have consistently "recognized that there is a public interest 'in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes.'" *Doe v. City of N.Y.*, 2016 U.S. Dist. LEXIS 16344, at *11 (citing *Kolko*, 242 F.R.D. at 195); *see also Doe v. Baram*, No. 20-9522, 2021 U.S. Dist. LEXIS 147030, at *7 (S.D.N.Y. Aug. 5, 2021) (citation omitted) ("[I]n general, 'the public . . . has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes.'").

As discussed, the allegations here concern deeply personal and serious allegations of sexual assault. *See supra* at Part A.1. This fact weighs in favor of a grant of anonymity with respect to the eighth *Sealed Plaintiff* factor as well.

### C. Allowing Plaintiffs to Proceed Anonymously Will Not Prejudice Defendants and the Remaining Factors Weigh in Favor of Anonymity

#### 1. There is No Prejudice to Defendants

The sixth *Sealed Plaintiff* factor asks whether the defendants will be harmed if plaintiffs are permitted to proceed anonymously. Courts consistently recognize that where, as here, the plaintiffs' identities are known to defendants, their prejudice is lessened because they will not be hampered in conducting discovery. *See Kolko*, 242 F.R.D. at 198 ("defendants will not be hampered or inconvenienced merely by plaintiff's anonymity in court papers. Indeed, defendants already know plaintiff's true identity."); *Aware Woman Center*, 253 F.3d at 687 (no prejudice where plaintiff offered to disclose her name to defendant); *Gooding*, 2022 LEXIS 68607, at *18 (citing *Doe v. Townes*, No. 19-8034, 2020 U.S. Dist. LEXIS 83550, at *16 (S.D.N.Y. May 12, 2020) ("Defendant overstates the prejudice from Plaintiff's anonymity. Defendant already knows

Plaintiff's real identity, so he is not 'greatly prejudiced in his ability to conduct discovery.'"). Here, Plaintiffs will disclose their identities to the Defendant, mitigating any prejudice to Defendant. *See Baram*, 2021 U.S. Dist. LEXIS 147030, at *7 (granting anonymity in part because "Doe . . . does not object to providing her full name to [the defendant] at the commencement of discovery, pursuant to a protective order.").

Moreover, though some courts have considered the "embarrassment and stigma" that a defendant might face as relevant to this factor (*see, e.g., Roe v. Doe*, No. 20-3788, 2020 U.S. Dist. LEXIS 195137, at *11 (E.D.N.Y. Oct. 14, 2020)), the Defendant here has already admitted wrongdoing and the perpetrator of the alleged sexual assaults in the case—Norlha—has passed away. *See* Complaint at ¶¶120, 244; McAllister Dec. Exs. 1-3. As such, a common factor that may weigh in Defendant's favor is not present here, further minimizing any burden that Defendant may face.

2. <u>Plaintiffs' Identities Have Been Kept Confidential</u>

The seventh *Sealed Plaintiff* factor considers whether a plaintiff's identity has been previously disclosed. Here, the identities of two plaintiffs—Doe 1 and Doe 2 —have not been disclosed at all. This fact weighs in favor of anonymity. *See Foukas*, 2021 U.S. Dist. LEXIS 259186, at *11 ("[T]he seventh *Sealed Plaintiff* factor favor anonymity" because "Plaintiffs' identities have not been revealed in connection with the facts at issue.").

One plaintiff—Doe 3—has revealed her identity in a limited fashion. *See* Doe 3 Decl. ¶¶5-9 (Doe 3 disclosed her identity during the closed Disclosure Meeting concerning Norlha's sexual abuse at which cell phones were forbidden, and published articles concerning her abuse under a different name in Buddhist publications with limited readership). However, courts find that limited disclosures, particularly to disclosures within the community at issue in the litigation, do not weigh

11

against a grant of anonymity. *See Doe v. Hobart & William Smith Colls.*, No. 6:20-06338, 2021 U.S. Dist. LEXIS 52371, at *9 (W.D.N.Y. Mar. 19, 2021) ("The seventh factor . . . appears neutral. Plaintiff has disclosed the matter to his family, counsel, and friends, and many of his classmates at Hobart and William Smith Colleges are undoubtedly aware of his identity. But there is a distinction between that level of knowledge of Plaintiff's identity and full disclosure of his name through the publicly-searchable presence of a lawsuit.").

       3.    <u>There is No Alternative Mechanism to Protect Plaintiffs' Identities</u>

The final *Sealed Plaintiff* factor considers whether any alternative mechanism exists to protect a plaintiff's confidentiality. Where, as here, alternative mechanisms such as protective orders cannot shield a plaintiff's identity from the public, courts find that this factor weighs in favor of a grant of anonymity. *See Doe v. Wesleyan Univ.*, No. 3:19-01519, 2020 U.S. Dist. LEXIS 267036, at *16 (D. Conn. Sep. 15, 2020) (Finding a protective order insufficiently protective when "it does not contemplate the relief that Plaintiff seeks through her motion to proceed in fictitious name and thus is not a viable 'alternative method[] for protecting Plaintiff's confidentiality.'"). Plaintiffs are not aware of any mechanism that could shield their identities in this litigation. As such, the final factor supports a grant of anonymity.

## III.  <u>Conclusion</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion to proceed anonymously.

Dated: November 22, 2023

Respectfully submitted,

**McALLISTER OLIVARIUS**

BY: _/s/ John F.O. McAllister_

John F.O. McAllister
Pamela Takefman
Carol Merchasin – *pro hac vice forthcoming*
641 Lexington Avenue, 13th Floor
New York, New York 10022
(212) 433-3456
jmcallister@mcolaw.com
ptakefman@mcolaw.com
cmerchasin@mcolaw.com
*Attorneys for Plaintiffs*